IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DON CONNOR | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PJM-09-2779 |
| BRENDA SHELL | * | |
| Defendant | * | |

***

## MEMORANDUM OPINION

Pending is Defendant's Motion to Dismiss or for Summary Judgment. Paper No. 12. Plaintiff was advised of his right to file a response in opposition and of the consequences of failing to do so, but has filed nothing further. Paper No.13. For the reasons stated below and in light of the papers filed, the motion, construed as a Motion for Summary Judgment, will be granted.

### Background

Plaintiff alleged that the conditions of confinement at Metropolitan Transition Center (MTC) where he was incarcerated beginning February 23, 2009, were unconstitutional. Paper No. 1. He claims there were birds in the housing unit, along with bird droppings and other animal infestations. He further claims another cell caught on fire in May 2009, and because of a gaping hole in his cell, the smoke came into his cell. He states he was treated for smoke inhalation, told to clean his cell, and to move back into it.

Defendant states the claim should be dismissed because no serious mental or physical injury is alleged in the Complaint, therefore no constitutional injury is adequately alleged. Paper No. 13. In the alternative, Defendant provides medical records which indicate that Plaintiff did not suffer a serious injury, entitling Defendant to summary judgment.

Additionally, Defendant explains that an electronic system designed to drive birds away from the semi-enclosed area to which they have access was installed in 2007. Defendant states that the prison tiers are cleaned three times daily by inmate workers and whenever bird or rodent feces is discovered it is cleaned up. Cells are cleaned by the inmates who inhabit the cells using cleaning products provided by the prison.

## Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(c) which provides that:

> [Summary judgment] should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually

unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

## Analysis

Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U. S. 337, 347 (1981). However, conditions which are merely restrictive or even harsh, "are part of the penalty that criminal offenders pay for their offenses against society." *Id.*

> In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements - that 'the deprivation of [a] basic human need was *objectively* sufficiently serious,' and that '*subjectively* the officials acted with a sufficiently culpable state of mind.'

*Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original; citation omitted).

"[T]o withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir.), *cert. denied*, 114 S. Ct. 393 (1993).

There is no evidence that Defendant, or anyone on the prison staff, acted with a culpable state of mind regarding the presence of birds and other animals in the prison. Efforts were made to prevent and correct the problem. With respect to the fire, medical records indicate Plaintiff was treated for mild smoke inhalation and released. There is no significant physical or mental

injury resulting form the conditions alleged. Accordingly, Defendant is entitled to summary judgment in her favor. A separate Order follows.

August 25, 2010

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE